UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ ___MAY 2 3 2005

**ORIGINAL**

CHARLES DRENNON, SHAMEL KING   **BROOKLYN OFFICE**

Plaintiffs,

**COMPLAINT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER EDWIN
SANTIAGO (Shield 16439), POLICE OFFICER
MATTHEW REGINA (Shield 18203), SERGEANT
ROLAND JEROME (Shield 4795), JOHN DOES 1-8,

Jury Trial Demanded

**CV   05   2486**

Defendants.

-------------------------------------------------------------------- x

**AMON, J.**

### PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiffs seek relief for the

violation of their rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth

**MATSUMOTO, M.J.**

Amendments to the United States Constitution, and the laws of the State of New York.  The case

arises from a February 5, 2005 incident in which members of the New York City Police

Department ("NYPD") subjected plaintiffs to false arrest, excessive force, assault and battery, an

illegal strip search, malicious prosecution, and fabricated evidence.  Plaintiffs seek compensatory

and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other

and further relief as the court deems just and proper.

### JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth,

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon

this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiffs' claims. Moreover, this action was filed within one year and 90 days of the incident that is the basis of this case.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York. Moreover, a substantial portion of the acts alleged occurred in this Judicial District.

**PARTIES**

5.     Plaintiffs are residents of the State of New York, Kings County.

6.     The City of New York is a municipal corporation organized under the laws of the State of New York.

7.     Police Officers Edwin Santiago, Matthew Regina and Sergeant Roland Jerome are members of the NYPD, 70th Precinct, who violated plaintiffs' rights as described herein. Santiago, Regina, and Jerome are sued in their individual and official capacities.

8.     John Does 1-8 are unknown members of the NYPD who acted in concert with Officers Santiago, Regina and Jerome. John Doe 1-8 are sued in their individual and official capacities.

**STATEMENT OF FACTS**

9.     On February 5, 2005, at approximately 11:00 p.m., at the corner of 22nd Street and Ditmas Avenue in Brooklyn, New York, Police Officers Edwin Santiago, Matthew Regina and Sergeant Roland Jerome, and eight other police officers whose identities are

2

unknown (collectively, the "officers"), arrested plaintiffs without cause and charged them with sale and possession of a controlled substance.

10.    Plaintiffs, however, had neither sold nor possessed a controlled substance. Plaintiff Drennon was merely standing on a public street. Plaintiff King was walking to the store with a friend. Despite these facts, the officers arrested the innocent plaintiffs.

11.    In the course of arresting plaintiff Drennon, the officers subjected Drennon to excessive force and to assault and battery by maliciously and unnecessarily slamming Drennon to the ground. Further, the officers assaulted and battered Drennon by seizing, searching and handcuffing him.

12.    In the course of arresting plaintiff King, the officers subjected King to assault and battery by pointing their firearms at him and by seizing, searching, and handcuffing him.

13.    After seizing plaintiffs, the officers took plaintiffs to the 70th Precinct for arrest processing. Plaintiffs and the officers arrived at the 70th Precinct at 12:30 a.m. on February 6, 2005.

14.    At the 70th Precinct, the officers strip searched plaintiffs.

15.    The aforesaid strip searches were illegal because the officers lacked reasonable suspicion to believe that plaintiffs were in possession of drugs, weapons, contraband, or a means of escape.

16.    During the early morning hours of February 6, 2005, plaintiffs were taken to Brooklyn Central Booking to await arraignment.

17.    While plaintiffs were awaiting arraignment, one or more of the officers met with a prosecutor employed by the Kings County District Attorney.

3

18.   One or more of the officers maliciously misrepresented to the prosecutor that plaintiffs had committed a felony narcotics offense.

19.   This false statement to the prosecutor resulted in false charges being filed against plaintiffs.

20.   Plaintiffs were subsequently arraigned in Criminal Court, Kings County. Drennon was charged under docket number 2005KN007599, and King was charged under docket number 2005KN007596.

21.   The presiding judge released plaintiff King without bail.

22.   The presiding judge set bail on plaintiff Drennon, which resulted in Drennon being taken to Rikers Island Correctional Facility. Drennon was held in Rikers Island from February 6, 2005 to February 10, 2005.

23.   On March 24, 2005, the criminal charges filed against plaintiff Drennon were dismissed.

24.   On April 4, 2005, the criminal charges filed against plaintiff King were dismissed.

25.   As a result of the aforesaid police action, plaintiffs suffered emotional distress, fear, embarrassment, humiliation, loss of liberty, shock, discomfort, pain and suffering, and damage to reputation.

**FEDERAL AND STATE LAW CLAIMS AGAINST DEFENDANTS EDWIN SANTIAGO, MATTHEW REGINA, ROLAND JEROME AND JOHN DOES 1-8**

26.   Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-25 as if fully set forth herein.

4

27.     The conduct of defendants Santiago, Regina, Jerome, and John Does 1-8,

as described herein, amounted to false arrest, excessive force, assault and battery, an illegal strip

search, malicious prosecution, and fabrication of evidence. This conduct violated plaintiffs'

rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United

States Constitution, and state law.

## FEDERAL AND STATE LAW CLAIMS
## AGAINST THE CITY OF NEW YORK

28.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-27 as if

fully set forth herein.

29.     The City of New York directly caused the constitutional violations

suffered by plaintiffs.

30.     Upon information and belief, the City of New York, at all relevant times

herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the

Civilian Complaint Review Board, and from the NYPD's own observations, that defendants

Santiago, Regina, Jerome, and John Does 1-8 are unfit, ill-tempered officers who have the

propensity to commit the acts alleged herein.

31.     Nevertheless, the City of New York exercised deliberate indifference by

failing to take remedial action. The City failed to properly train, retrain, supervise, discipline,

and monitor the officers and improperly utilized and retained them. Moreover, the City of New

York failed to adequately investigate prior complaints against the officers.

32.     The aforesaid conduct by the City of New York violated plaintiffs' rights

under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States

Constitution.

5

33. Moreover, under state law, the City of New York is vicariously liable for the officers' false arrest, assault and battery and malicious prosecution of plaintiffs.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    May 19, 2005
             Brooklyn, New York

                        CARDINALE & MARINELLI
                        26 Court Street, Suite 1815
                        Brooklyn, New York 11242
                        (718) 624-9391

                        By:

                        RICHARD J. CARDINALE (RC-8507)